# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**FREIDA JOHNSON**                                                                          **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 4:22-CV-P126-JHM**

**DANIEL CAMERON** *et al.*                                           **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

## I.

Plaintiff Freida Johnson is incarcerated as a pretrial detainee at the Daviess County Detention Center (DCDC). She brings this action against Kentucky Attorney General Daniel Cameron; Judge Lisa Payne Jones; Leigh Jackson, her public defender; and DCDC "Jailer" J. Wyatt.[1] Plaintiff sues these Defendants in their official capacities only.

Plaintiff titles the "Statement of Claims" section of the complaint "Daniel Cameron State Attorney General Complaint." She makes the following allegations in this section:

> False imprisonment on Police Department Misconduct Charges falsifying police reports in order to harass and hinder and hinder slander and interrupt my current ongoing civil rights case I have been pursuing against them since June 25, 2018 ([] 4:21-cv-44) JHM, and the Judge Lisa Payne is aware and has yet appointed me council to represent me and has me held on a 20,000.00 secured bond and has the power to release me because A) I'm not a flight risk B) a danger to others or self C) I've been in treatment in Louisville since 2020 so I'm not understanding why I'm in custody and they are releasing people like crazy way more serious charges guns and arson violent case also. My charges are my husband statements and he lied to police for the police whistleblowers. I'm being held without council on Police Department falsifying police reports to harass and obstruct justice in a civil action.

---

[1] DCDC's website reflects that James Wyatt is not the Jailer but a lieutenant at DCDC. www.daviesscojail.org.

> False imprisonment – Leigh Jackson who was my lawyer and she has been elected Judge now I'm without legal council[2] residing in Daviess County Detention Center on trumped up charges by the Owensboro Police Department in retaliation for a civil rights case I filed against them on July 8, 2021, for covering up a homicide that had KKK involvement.  As soon as I got arrested, Jay Wethington whom should have never resided over my current case retired and Leigh Jackson was elected Judge taking Jay Wethington's seat.  I've asked to be placed on the docket and Wyatt stated call your attorney I said I didn't have one and he responded yes you do I don't.  I've been in custody going on 2 months without legal council as of Aug. 31, 2022.  I can be released until my court date the charge are malicious prosecution ([] 4:21-cv-44) because of case listed.  Lisa Jones has the power to unsecure my bond but instead gave me a Dec. 17, 2022 court date without legal counsel . . . .

As relief, Plaintiff seeks damages and release from incarceration on bond.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).   Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

---

[2] The Court takes judicial notice that the docket sheet in Plaintiff's state-court criminal action before Judge Jones reflects that Defendant Jackson continues to be Plaintiff's defense attorney in that case, kcoj.kycourts.net, Commonwealth v. Johnson, No. 20-CR-00330 (accessed January 23, 2023), and that although Defendant Jackson ran for Circuit Judge – 6th Circuit, 1st Division, she lost that race to Judge Jay Wethington on November 8, 2022. www.owensborotimes.com/news/2022/11/list-2022-daviess-county-general-election-results.

(citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  Defendants Cameron and Jones

Kentucky Attorney General Cameron and Judge Jones are state officials. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1979). Thus, because Plaintiff

seeks money damages from state officials in their official capacities, he fails to state a cognizable claim against them under § 1983. Plaintiff's official-capacity claims against these Defendants also fail because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 at 166, 169 (1985); *see also Bennett v. Thorburn*, 843 F.2d 1390 (6th Cir. 1988) (concluding that an official-capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment).

Moreover, even if Plaintiff had sued Judge Jones in her individual capacity, the complaint still fails to state a claim against her. This is because judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Thus, because Plaintiff's complaint pertains only to actions taken by Judge Jones in her judicial capacity and within her jurisdictional authority, any individual-capacity claim against her would be barred by judicial immunity.

Similarly, even if Plaintiff had sued Defendant Cameron in his individual capacity, this claim would fail because the complaint contains no allegations against him. Moreover, even if Defendant Cameron were the other Defendants' supervisor and/or otherwise responsible for the actions about which Plaintiff complains, this claim would still fail because the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute

4

liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, because the complaint contains no allegations that Defendant Cameron was actively involved in the alleged violation of Plaintiff's constitutional rights, and any individual-capacity claim against him is based solely on his "supervisory role" as Kentucky's Attorney General, such a claim would fail to state a claim upon which relief may be granted.

**B. Defendant Wyatt**

Plaintiff's official-capacity claim against Defendant Wyatt also fails to state a claim upon which relief may be granted. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell,* 436 U.S. at 691 n.55). Thus, Plaintiff's official-capacity claim against Defendant Wyatt is actually against his employer, Daviess County. A municipality such as Daviess County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of Daviess County. Thus, Plaintiff's official-capacity claim against Defendant Wyatt must be dismissed for failure to state a claim upon which relief may be granted.

The complaint also fails to state a claim against Defendant Wyatt in his individual capacity. Plaintiff's only allegation against Defendant Wyatt is that he told Plaintiff to contact her attorney although she allegedly did not have one. The Court can discern no violation of Plaintiff's constitutional rights based upon this allegation.

### C. Defendant Jackson

In the complaint, Plaintiff indicates that Defendant Jackson was her former public defender. Plaintiff makes no specific allegations against her. However, even if she did, it is firmly established that a defense attorney, regardless of whether she is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, because she is not a state actor, any constitutional claims against Defendant Jackson must be dismissed for failure to state a claim upon which relief may be granted.

## D. Other Claims

Plaintiff also makes retaliation and malicious prosecution claims against the Owensboro Police Department (OPD). However, neither the OPD nor any OPD officer is sued in this action. Thus, the Court will dismiss these claims for failure to state a claim upon which relief may be granted.[3]

## E. Injunctive Relief

As to Plaintiff's request that she be released from incarceration, Plaintiff cannot obtain such relief in this § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's claims for injunctive relief will also be dismissed for failure to state a claim upon which relief may be granted.[4]

## IV.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: January 24, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.011

---

[3] The Court need not allow Plaintiff to amend the complaint as to these claims because the Court's record reflects that Plaintiff has brought these or similar claims in at least two others actions she filed in close temporal proximity to the instant action, and in which she has names the OPD as a Defendant. See *Johnson v. Commonwealth of Kentucky*, No. 4:22-cv-124-JHM (pending on initial review); *Johnson v. Attorney General Daniel Cameron*, No. 4:22-cv-134-JHM (dismissed on initial review).

[4] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. See *Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).